E. ZIMMERMAN et al. *v.* PLANTERS' COTTON PRESS, STORAGE AND TRANSFER ASSOCIATION.

**Trustee — Power to Compromise Claim.**

    A trustee acting under a will with power to collect debts may, acting in good faith, compromise or settle a claim in any manner he may deem most beneficial to the estate.[1]

The Planters' Cotton Press, Storage and Transfer Association filed the bill in this case in the Chancery Court of Warren county against E. Zimmerman, M. Zimmerman, and Mrs. Ellen Z. Laird, children of Solomon Zimmerman, to enjoin them from prosecuting an action of ejectment in the Circuit Court against them. From a decree granting the relief sought by complainant, defendants appeal. Affirmed.

---

1

    An administrator as a trustee is bound for the ordinary care and caution of a watchful man, and nothing more. Where, by inattention or sloth he loses a debt, he is liable; otherwise, not. Conwill *v.* Livingston, 61 Miss. 641.

    An agent or trustee must conduct the business of his trust with fidelity and follow the line of duty prescribed. Pressly *v.* Ellis, 48 Miss. 574.

The facts are as follows: Appellee purchased the land in controversy in May, 1871, from A. B. Reading and wife. At that time there were two deeds of trust on the property given by Reading. The first dated March 20, 1854, to secure a debt due Solomon Zimmerman, the father of defendants; the second dated May 13, 1871, to E. Zimmerman, as trustee under the last will and testament of Solomon Zimmerman, to secure a balance of $19,907.30, due on the debt secured by the first deed of trust and intendent as a renewal of that instrument. As the time complainants purchased the land from Reading there was an agreement between said Reading and wife and E. Zimmerman, as trustee, by which said Zimmerman was to receive all the purchase money, except about $3,000, which was to be paid to settle another incumbrance. At the same time E. Zimmerman made an agreement in writing, as trustee, with complainant, reciting the purchase of the land, and that said Zimmerman held the deed of trust of 1854, and that complainant, as part of the consideration of the purchase, had executed its three notes in favor of said Zimmerman for $1,555.55 each, all of said date, payable in one, two, and three years; that said notes were the only lien Zimmerman claimed as trustee under said deed of trust and that Zimmerman agreed to release said deed of trust so far as it bound said property. Complainant paid a portion of said sums, but in September, 1876, owed Zimmerman $3,593.13 thereon and executed a note therefor payable in sixty days from date. Complainant paid this note on December 29, 1876, but said Zimmerman had advertised the land for sale under the deed of trust and had sold it on December 20, 1876, and bid it in himself. This is the title which defendants were asserting in the ejectment suit. Defendants denied that E. Zimmerman had, as trustee, the power to make the agreement relied on by complainant. The will of Solomon Zimmerman devised his estate to trustees in trust for his wife and three children, defendants herein, with power to collect the debts due the estate and to reinvest the money in other property in Ohio. The will was probated in Hamilton county, Ohio, and in 1871, E. Zimmerman was appointed trustee in the Probate Court of said county, and on June 26, 1871, he filed a statement of the settlement with Reading, and the agreement with complainants in the Probate Court of Hamilton county, Ohio, and made a final account as trustee. Defendants, Mrs. Ellen Laird and M. Zim-

merman, appeared in said court and filed exceptions to the final
account, but afterward withdrew the exceptions and accepted their
part of the money paid E. Zimmerman, trustee, and the final
account of said E. Zimmerman was approved and confirmed by
said court. From a decree perpetually enjoining defendants from
prosecuting the ejectment suit and holding that complainant had
a good and valid title to the property in controversy the defend-
ants appealed.

APPEALED from the Chancery Court, Warren county, WARREN
COWAN, Chancellor.

Affirmed, May 18, 1885.

*Attorney for appellant, M. Marshall.*

*Attorneys for appellee, Pittman, Pittman & Smith.*

Brief of M. Marshall:
*   *   *   It is to be observed that the complainant (appellee)
did not allege in terms that the defendants (appellants) Martin
Zimmerman and Ellen Z. Laird had full knowledge of all the
facts or ratified the acts and agreement of Eugene Zimmerman.

It is necessary to bind them that the ratification should be made
with that knowledge.   Wharton's Commentary on Agency, etc.,
§§ 65, 614.   And as the appellee must prove that it should have
expressly charged it.   Story's Equity Pleading, § 28; Puter-
baugh's Pleading and Practice, Chancery, p. 44 (at bottom of
page); Puterbaugh's Pleading and Practice, Chancery, p. 45
(near the top).

There is here no express allegation of ratification with full
knowledge, which the defendants could deny and thus raise the
issue as to it, and exact proof of complainant.   *   *   *

In order to meet it, the defendants must rejoin that they had
not the knowledge — which is the very thing the complainants
should have averred.   Tittle v. Bonner, 53 Miss. 585.

The bill should set forth, not the evidence, but the facts.   Code
1880, § 1868; Story's Equity Pleading, § 257; Mitford & Tyler
Equity Pleading and Practice, pp. 64, 136.   *   *   *

Eugene Zimmerman had no power to bind Martin Zimmerman
and Ellen Z. Laird by the agreement relied on by appellee to re-

lease the land (even if the agreement to release the deed of trust of March 20, 1854, should be so extended as to include a release of that of May 13, 1871, and, it will be noticed that the agreement only refers to the former), and no pretence of such authority is shown.     *     *     *

The only thing on which an argument can be based to establish the knowledge of the agreement with the Compress Company is the fact that the trustee reports that he collected of Reading stock and notes of that company.  There is nothing to suggest that they were not the property of Reading.  Nothing to hint that the Compress Company had bought the land and nothing to hint that they expected a release on any terms.  Still less without full payment of the debt secured on it by the incumbrance.     *     *     *

It may be said that Martin Zimmerman and Ellen Z. Laird have received the $17,000 paid by the Compress Company, and are thereby estopped.     *     *     *

In the first place the evidence does not show that they received any of it.  Mrs. Laird denies that they did, and Dr. Laird's evidence shows that the stock was taken by Eugene Zimmerman individually, and E. Martin's that it has been canceled.

In the second place the evidence does not show that one dollar was paid on the faith of the ratification by them.     *     *     *

In the third place, in order to claim an equitable estoppel by receipt of the purchase money, the Compress Company must offer to pay the $8,000 and interest from May 26, 1871, the balance of the purchase money agreed on by them, because there is no evidence to support the claim made by the bill that $3,000 or $4,000 was to be paid on the Clark claim, still less that they had a right to pay over to Clark's executor $8,000 of the $25,000 purchase price.  Zimmerman's estate had a lien on the land for more than $25,000 and was entitled to it all.     *     *     *

It was nowhere proved that it was agreed that the Clark claim should be paid out of the $25,000.     *     *     *.

*     *     *  The estoppel should not be applied by reason of receipt of their money by Ellen Z. Laird and M. Zimmerman, first because the evidence does not prove it, and second, because, having security on the property, they had (there being no agreement with them) a right to it, and third, because appellee has not tendered the balance of the purchase money, $8,000, with interest from May 26, 1871, at 6 per cent., nor shown why it should not

do so; for it is no excuse for its failure to do equity (as it must when it seeks it) that it has paid it to some other person.    *    *    *

OPINION.— ARNOLD, J., delivered the opinion of the court:

E. Zimmerman, as trustee under his father's will, has authority to collect the debt secured by the trust deed of 1854, and, as an incident thereto, to compromise and settle the same in the manner he deemed most beneficial to the estate of his father. 2 Perry on Trusts, § 482.

The validity of his own appointment as trustee and his *bona fides* in the transaction with appellee could not be questioned in his own behalf, and they are not questioned by the other heirs of Solomon Zimmerman. The record shows that in the exercise of the authority with which he was invested by his father's will and by the law, E. Zimmerman did, upon certain conditions which had been complied with by appellee, agree and promise to release the land in controversy from the incumbrance in favor of his father's estate.

If the land was sold and struck off to him a few days before appellee made the last payment thereon, it appears that afterward, in pursuance of the previous arrangement, he received from appellee the balance due on the contract.

When the power possessed and exercised by him in reference to the collection of the debt due the estate is considered in connection with the approval of the report and account filed by him in the Probate Court of Ohio in 1871, and the subsequent reference to and approval of the same accounts in 1882, in the settlement made by the appellants among themselves, the conclusion cannot be resisted that the proper result was reached in the lower court.

*Affirmed.*